# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| LIFE CHANGING EVENTS, LLC, *et al.*, | ) | CASE NO.: 5:19CV02057 |
| Plaintiffs, | ) ) ) | JUDGE JOHN R. ADAMS |
| v. | ) ) | |
| MARKUS HEITKOETTER, *et al.*, | ) ) | **MEMORANDUM OF OPINION AND** |
| Defendants. | ) ) | **ORDER** |

The instant matter is before this Court on Defendant Markus Heitkoetter's ("Heitkoetter") Motion to Dismiss Plaintiffs' Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (Mot. to Dismiss, ECF No. 4.) Plaintiffs Life Changing Events, LLC ("LCE") and SpeakingEmpire.com, LLC ("SpeakingEmpire") originally filed this matter against Heitkoetter and Defendant Debbie Montis ("Montis") in the Court of Common Pleas of Stark County, Ohio requesting relief for breach of contract, fraud, fraud in the inducement, breach of fiduciary duty, civil conspiracy, and breach of duty of good faith and fair dealing. (Compl. ¶¶ 14-45, ECF No. 1-1.) Heitkoetter removed the action to this Court invoking subject matter jurisdiction under diversity of citizenship. (Notice of Removal ¶ 15, ECF No. 1.) Heitkoetter then filed the currently pending Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (Mot. to Dismiss, ECF No. 4.) LCE and SpeakingEmpire jointly opposed the motion arguing the complaint is legally sufficient. (Opp'n to Mot. to Dismiss, ECF No. 10.) Heitkoetter filed a reply in support of his Motion to Dismiss. (Reply in Supp., ECF No. 11.) This Court has reviewed all arguments before it and for the following reasons Heitkoetter's Motion to Dismiss is GRANTED IN PART and DENIED IN PART.

I. **BACKGROUND**

This matter arises out of business and asset purchase agreements that were executed by Heitkoetter and Montis in September 2018 in which Heitkoetter and Montis each agreed to sell their ownership interest in SpeakingEmpire to LCE. (Compl. ¶¶ 7-8, ECF No. 1-1.) According to the complaint, Heitkoetter and Montis each "made pre-contract representations designed to induce" LCE to enter into the business and asset purchase agreements – representations LCE relied upon and which were allegedly fraudulent. (*Id.* at ¶¶ 9-10.) The allegedly fraudulent representations were that: (1) accounts receivable were collectible; (2) business agreements with other entities were valid and binding; (3) financial statements were correct, complete, and accurate; (4) there were no claims against SpeakingEmpire; (5) Heitkoetter and Montis made no untrue statements of material fact or omitted material facts with respect to the transfer of their ownership interests in SpeakingEmpire to LCE. (*Id.* at ¶¶ 11-13.) Given the allegedly fraudulent representations made by Heitkoetter and Montis, SpeakingEmpire and LCE allege Heitkoetter and Montis are each liable for breach of contract, fraud, fraud in the inducement, breach of fiduciary duty, civil conspiracy, and breach of the duty of good faith and fair dealing. (*Id.* at ¶¶ 14-45.)

II. **STANDARD OF REVIEW**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a party may move for dismissal of a complaint which fails to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This requirement imposes both "legal and factual demands." *16630 Southfield Ltd. P'ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

First, and foremost, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation does not demand "detailed factual allegations," but it does necessitate more "than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555) (internal quotation marks omitted). Pleadings offering "labels and conclusions or a formulaic recitation of the elements of a cause of action," or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," or even "naked assertions devoid of further factual enhancement" will not suffice. *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557) (internal quotation marks omitted). Although "legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft*, 556 U.S. at 679. Which is particularly necessary as courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555) (internal quotation marks omitted). Consequently, a pleading party is required to provide a factual framework that falls somewhere between a recitation of the legal elements of a claim and "detailed factual allegations" – in other words, the pleading party is required to provide well-pled factual allegations.

When provided, this Court then considers the well-pled factual allegations, "assume[s] their veracity and then determine[s] whether they plausibly give rise to an entitlement to relief." *Ashcroft*, 556 U.S. at 679. A claim is plausible when the factual content pled "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). Notably, plausibility and probability are not one in the same. Rather, plausibility "asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The determination of whether a

complaint states plausible claims for relief typically requires "the reviewing court to draw on its judicial experience and common sense" unless "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Ashcroft*, 556 U.S. at 679.

As a brief note, LCE and SpeakingEmpire contend that these federal pleading standards do not apply to state law claims removed to federal court. (Opp'n to Mot. to Dismiss, 1-2, ECF No. 10.) They argue that because "Ohio is a notice pleading state," the complaint meets the pleading requirements under Ohio law and is, therefore, legally sufficient. (*Id.* at 2.) This argument is incorrect – "[t]he Federal Rules of Civil Procedure, like other provisions of federal law, govern the mode of proceedings in federal court after removal." *Granny Goose Foods v. Bhd. of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 438 (1974). *See also* Fed. R. Civ. P. 81(c)(1) ("[t]hese rules apply to a civil action after it is removed from a state court"). Therefore, the standard of review for motions brought pursuant to Fed. R. Civ. P. 12(b)(6) enumerated above, rather than Ohio's notice pleading standard, will be utilized in evaluating the legal sufficiency of the complaint.

**III.    ANALYSIS**

For the instant matter, when analyzing the currently pending motion to dismiss pursuant to the above enumerated standard, this Court is mindful that it is required to construe the pleading subject to dismissal in the light most favorable to the non-moving party and accept all well-pleaded factual allegations contained in the pleading as true. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Twombly*, 550 U.S. at 555-56). Furthermore, reasonable inferences, as opposed to unwarranted factual inferences, must be made in favor of the non-moving party. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008).

In addition, for matters invoking diversity jurisdiction, this Court must apply the substantive law, including the choice of law rules, of the forum state, while federal procedural law is followed.

*Himmel v. Ford Motor Co.*, 342 F.3d 593, 598 (6th Cir. 2003); *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1988). Therefore, with respect to LCE's and SpeakingEmpire's substantive claims for relief, this Court must apply the law as pronounced by the Supreme Court of Ohio. *Croce v. New York Times Co.*, 930 F.3d 787, 792 (6th Cir. 2019) (citing *Bank of N. Y. v. Janowick*, 470 F.3d 264, 272 (6th Cir. 2006)). In the event that the Supreme Court of Ohio has not yet addressed the issues present in the instant matter, this Court "may consider the decision of the State's courts of appeals, relevant dicta from the Ohio Supreme court, as well as other sources such as 'restatement of law, law-review commentaries, and the rules adopted by other jurisdictions.'" *Croce*, 930 F.3d at 792 (quoting *Mazur v. Young*, 507 F.3d 1013, 1016-17 (6th Cir. 2007)).

Furthermore, generally when deciding a motion to dismiss, "[m]atters outside the pleadings are not to be considered." *Hammond v. Baldwin*, 866 F.2d 172, 175 (6th Cir. 1989). However, documents attached to a motion to dismiss "are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." *Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997) (quoting *Venture Assoc. v. Zenith Data Sys.*, 987 F.2d 429, 431 (7th Cir. 1993)) (internal quotation marks omitted). Therefore, this Court will consider the Business and Asset Purchase Agreement between Heitkoetter and LCE attached to Heitkoetter's motion to dismiss (hereinafter "Agreement") as the complaint referred to it and the existence of the agreement along with its terms are central to the claims before this Court. (*See* Agreement, ECF No. 4-1.)

**A. SpeakingEmpire.com, LLC as a Third-Party Beneficiary**

The first issue before this Court is whether SpeakingEmpire has standing to bring the claims contained in the complaint against Heitkoetter. The parties provide only cursory arguments with respect to this issue, where Heitkoetter argues that because he and LCE are the only two parties to the Agreement, any claim SpeakingEmpire asserts against him must fail as a matter of law. (Mot.

to Dismiss 5, ECF No. 4.) He also argues that because "Speaking Empire, Inc." is the entity referred to in the Agreement, Plaintiff SpeakingEmpire.com, LLC was not involved in the Agreement at all, cannot be considered a third-party beneficiary of the Agreement pursuant to Ohio law, and therefore has no enforceable legal rights with respect to the Agreement. (Reply to Mot. to Dismiss 4-6, ECF No. 11.) SpeakingEmpire, on the other hand, argues that it is a third-party beneficiary to the Business and Asset Purchase Agreement without addressing why "Speaking Empire, Inc." rather than Plaintiff SpeakingEmpire.com, LLC is the entity referred to in the Agreement. (Opp'n to Mot. to Dismiss 6, ECF No. 10.)

Whether a party possesses standing to assert claims is a threshold issue and, in matters predicted upon diversity jurisdiction, a matter of federal law. *Hollingsworth v. Perry*, 570 U.S. 693, 715 (2013) (explaining "standing in federal court is a question of federal law, not state law"). Therefore, Article III of the United States Constitution limits "judicial power to resolving 'Cases' and 'Controversies'" while separation-of-powers principles underly that limitation. *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 125 (2014). Accordingly, the Supreme Court of the United States has "deduced a set of requirements that together make up the 'irreducible constitutional minimum of standing.'" *Id.* (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). The requirements are: "(1) the plaintiff must have suffered an 'injury in fact,' (2) that injury must be 'fairly traceable' to the defendant's challenged conduct, and (3) it must be likely that the plaintiff's injury would be redressed by the requested relief." *Slorp v. Lerner, Sampson & Rothfuss*, 587 F. App'x 249, 253 (6th Cir. 2014) (quoting *Lujan*, 504 U.S. at 560-61.). "At its essence, Article III standing requires the plaintiff to have some personal and particularized stake in the dispute." *Slorp*, 587 F. App'x at 253.

When determining whether a party possesses Article III standing with respect to common law contract issues, "[a] person who is neither a party to the contract nor in privity with the parties, and who is not a third-party beneficiary of the contract, is said to lack 'standing' to enforce the contract's terms and to challenge its validity." *Id.* at 254. Accordingly, because SpeakingEmpire was not a contracting party to the Agreement, to determine whether SpeakingEmpire possesses standing, this Court must determine whether SpeakingEmpire is a third-party beneficiary of the Agreement pursuant to Ohio law.

The Ohio Supreme Court is clear that only intended third-party beneficiaries, not incidental third-party beneficiaries, may assert rights to contracts in which they are not a contracting party. *Trinova Corp. v. Pilkington Bros., P.L.C.*, 70 Ohio St.3d 271, 277, 638 N.E.2d 572 (1994). *See also Hill v. Sonitrol of Southwestern Ohio, Inc.*, 36 Ohio St.3d 36, 40, 521 N.E.2d 780 (1988); *Norfolk & W. Co. v. United States*, 641 F.2d 1201, 1208 (6th Cir. 1980) (explaining the difference between intended beneficiaries – those who have enforceable rights under the contract because it was intended they benefit from the contract – and incidental beneficiaries – those who do not have enforceable rights under the contract because there was no intent to benefit them).

To clarify the difference between intended third-party beneficiaries and incidental third-party beneficiaries, the Ohio Supreme Court adopted the Restatement (Second) of Contracts § 302 (1981):

> (1) Unless otherwise agreed between promisor and promisee, a beneficiary of a promise is an intended beneficiary if recognition of a right to performance in the beneficiary is appropriate to effectuate the intention of the parties and either
>   (a) the performance of the promise will satisfy an obligation of the promisee to pay money to the beneficiary; or
>   (b) the circumstances indicate the promisee intends to give the beneficiary the benefit of the promised performance.
> (2) An incidental beneficiary is a beneficiary who is not an intended beneficiary.

*Hill*, 36 Ohio St.3d at 40.

Under Ohio law, "[g]enerally, courts presume that the intent of the parties to a contract resides in the language they chose to employ in the agreement." *Shifrin v. Forest City Enterprises, Inc.*, 64 Ohio St.3d 635, 638, 597 N.E.2d 499 (1992) (citing *Kelly v. Med. Life Ins. Co.*, 31 Ohio St.3d 130, 509 N.E.2d 411 (1987), paragraph one of the syllabus). For this reason, the determination of whether a party is an intended third-party beneficiary, or an incidental third-party beneficiary typically rests in the terms of the contract. *Huff v. FirstEnergy Corp.*, 130 Ohio St.3d 196, 2011-Ohio-5083, 957 N.E.2d 3, ¶ 12. However, "when the language of a contract is unclear or ambiguous, or when the circumstances surrounding the agreement invest the language of the contract with a special meaning will extrinsic evidence be considered in an effort to give effect to the parties' intentions." *Shifrin*, 64 Ohio St.3d at 638 (citing *Kelly*, 31 Ohio St.3d at 132). Therefore, in order "for a third party to be an intended beneficiary under a contract, there must be evidence that the contract was intended to directly benefit that third party" and typically "the parties' intention to benefit a third party will be found in the language of the agreement." *Huff*, 130 Ohio St.3d at ¶ 12.

The difficulty, in this instance, is that the Agreement is silent with respect to third-party beneficiaries. (*See* Agreement, ECF No. 4-1.) It neither concretely affirms nor denies that SpeakingEmpire is an intended third-party beneficiary. (*Id.*) This Court's analysis is further challenged because the Agreement recites that the ownership interest Heitkoetter sold to LCE was in "Speaking Empire, Inc.," not Plaintiff SpeakingEmpire.com, LLC. (*Id.* at 1.)

According to the complaint, SpeakingEmpire is a Florida limited liability company in which Heitkoetter had an ownership interest he sold to LCE through a Business and Asset Purchase Agreement. (Compl. ¶¶ 1, 7-8, ECF No. 1-1.) Although the Agreement names "Speaking Empire,

Inc." as the entity in which Heitkoetter had an ownership interest, this Court accepts as true the allegations in the complaint. Therefore, the issue of whether "Speaking Empire, Inc." is a misnomer in the Agreement and the parties intended Heitkoetter's ownership interest in SpeakingEmpire to transfer to LCE through the Agreement depends upon the parties' intent when contracting, which is a factual inquiry requiring a more developed record. Resolution of the secondary issue of whether SpeakingEmpire is an intended third-party beneficiary of the Agreement also rests upon the intent of the contracting parties, which requires a more developed record and factual inquiry.

Because the Agreement is unclear, both with respect to the actual entity in which Heitkoetter held an ownership interest and whether SpeakingEmpire was an intended third-party beneficiary of the Agreement, extrinsic evidence with respect to the parties' intent is necessary. Evidence of the parties' intent will resolve the issue of whether SpeakingEmpire possesses standing to bring the claims contained in the complaint – an issue which must be resolved. Because LCE is a contracting party with Heitkoetter, and because SpeakingEmpire asserts claims outside of contract common law, this Court will address the remainder of the arguments brought forth in Heitkoetter's Motion to Dismiss.

### B. Breach of Contract (Cause of Action I) and Breach of Duty of Good Faith and Fair Dealing (Cause of Action VI)

Pursuant to Ohio law, LCE – and to the extent SpeakingEmpire is determined to have standing, SpeakingEmpire – must establish four elements to succeed in their breach of contract claim against Heitkoetter: (1) a contract existed; (2) LCE and SpeakingEmpire performed; (3) Heitkoetter breached; (4) LCE and SpeakingEmpire suffered damages. *Pavlovich v. Nat'l City Bank*, 435 F.3d 560, 565 (6th Cir. 2006) (interpreting Ohio law). The complaint alleges the existence of the Agreement between LCE and Heitkoetter and that both LCE and SpeakingEmpire fulfilled their

contractual obligations. (Compl. ¶¶ 8, 16, ECF No. 1-1.) The complaint further alleges Heitkoetter made misrepresentations with respect to specific warranties and representations contained within the Agreement when he set forth that the warranties and representations were truthful when they were actually false, surmounting to breach. (*Id.* at ¶ 11-15.) The complaint further alleges that these breaches caused damage. (*Id.* at ¶ 18.) In this Court's view, assuming the truthfulness of the allegations in the complaint and making all reasonable inferences in favor of LCE and SpeakingEmpire, these are well-pled factual allegations that plausibly state a breach of contract claim. Although the complaint is not scrupulously detailed, it does not need to be. The complaint is not a bare recitation of legal elements or conclusory statements with respect to the breach of contract claim. Therefore, LCE's and SpeakingEmpire's, to the extent SpeakingEmpire is determined to have standing, breach of contract claim survives dismissal. Because neither LCE nor SpeakingEmpire asserted that the Agreement provided by Heitkoetter was not the agreement at issue, Heitkoetter's motion for a more definite statement is denied as moot.

With respect to the claim of breach of duty of good faith and fair dealing, "every contract imposes an implied duty of good faith and fair dealing in its performance and enforcement." *Lucarell v. Nationwide Mut. Ins. Co.*, 152 Ohio St.3d 453, 2018-Ohio-15, 97 N.E.3d 458, ¶ 42. Ohio law is clear "that there is no independent cause of action for breach of implied duty of good faith and fair dealing apart from a breach of the underlying contract." *Id.* at ¶ 44. In fact, "a claim for breach of contract subsumes the accompanying claim for breach of the duty of good faith and fair dealing." *Krukrubo v. Fifth Third Bank*, 10th Dist. Franklin No. 07AP-270, 2007-Ohio-7007, ¶ 19. Therefore, both LCE's and SpeakingEmpire's claims for breach of the duty of good faith and fair dealing are dismissed.

### C. Fraud (Cause of Action II) and Fraud in the Inducement (Cause of Action III)

Under Ohio law, the elements for a claim of fraud are:

> "(a) a representation or, where there is a duty to disclose, concealment of a fact, (b) which is material to the transaction at hand, (c) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (d) with the intent of misleading another into relying upon it, (e) justifiable reliance upon the representation or concealment, and (f) a resulting injury proximately caused by the reliance."

*Groob v. KeyBank*, 108 Ohio St.3d 348, 2006-Ohio-1189, 843 N.E.2d 1170, ¶ 47 (quoting *Gaines v. Preterm-Cleveland, Inc.*, 33 Ohio St.3d 54, 55, 514 N.E.2d 709 (1987)). In addition, "[a] claim of fraud in the inducement arises when a party is induced to enter into an agreement through fraud or misrepresentation." *ABM Farms v. Woods*, 81 Ohio St.3d 498, 502, 692 N.E.2d 574 (1998). Fraud in the inducement "relates not to the nature or purport of the [contract], but to the facts inducing its execution . . . ." *Id.* (quoting *Haller v. Borror Corp.*, 50 Ohio St.3d 10, 14, 552 N.E.2d 207 (1990)) (internal quotation marks omitted). Proving fraud in the inducement requires showing "the defendant made a knowing, material misrepresentation with the intent of inducing the plaintiff's reliance, and that the plaintiff relied upon that misrepresentation to her detriment." *Woods*, 81 Ohio St.3d at 502 (citing *Beer v. Griffith*, 61 Ohio St.2d 119, 123, 399 N.E.2d 1227 (1980)).

Furthermore, pursuant to Federal Rule of Civil Procedure 9(b), "a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). The rule "requires a plaintiff: (1) to specify the allegedly fraudulent statements; (2) to identify the speaker; (3) to plead when and where the statements were made; and (4) to explain what made the statements fraudulent." *Republic Bank & Trust Co. v. Bear Stearns & Co.*, 683 F.3d 239, 247 (6th Cir. 2012) (citing *Ind. State Dist. Council of Laborers v. Omnicare, Inc.*, 583 F.3d 935, 942-43 (6th Cir. 2009)).

The fraud claim alleges that on September 7, 2018, when Heitkoetter entered into the Agreement with LCE, he made untruthful statements that accounts receivable were collectible, that business agreements were valid and binding, that financial statements were complete and accurate, that there were no claims or potential claims against SpeakingEmpire, and that he did not omit material facts in the sale of his ownership interest in SpeakingEmpire to LCE. These are the same facts alleged to support the breach of contract claim contained in the complaint.

Heitkoetter correctly argues that under Ohio law, a breach of contract claim does not create a tort claim. *Wolfe v. Continental Cas. Co.*, 647 F.2d 705, 710 (6th Cir. 1981) (interpreting Ohio law). In fact, "the existence of a contract action generally excludes the opportunity to present the same case as a tort claim." *Id.* Furthermore, "Ohio law does not recognize a tort claim premised upon the same actions as those upon which the plaintiff bases a breach of contract claim unless the plaintiff identifies some duty or misrepresentation by the breaching party independent of the contract." *Davis Diamond Galerie, Inc. v. Silverman Jewelers Consultants, Inc.*, 106 F. App'x 341, 342 (6th Cir. 2004) (interpreting Ohio law). In a situation where "the causes of action in tort and in contract are factually intertwined, a plaintiff must show that the tort claims derive from the breach of duties that are independent of the contract and would exist by force of law notwithstanding the formation of the contract." *Academic Imaging, LLC v. Soterion Corp.*, 352 F. App'x 59, 65 (6th Cir. 2009) (interpreting Ohio law) (internal quotation marks and citation omitted).

The facts enumerated supporting the fraud claim are the same facts enumerated supporting the breach of contract claim – the fraud claim cannot survive on these allegations alone. The complaint does allege that Heitkoetter committed fraud with respect to statements made about David Van Hoose. According to the complaint, prior to September 7, 2018, Heitkoetter and Montis

represented that David Van Hoose, who was allegedly integral to SpeakingEmpire, would continue in his role with SpeakingEmpire guaranteeing a return on investment to LCE. (Compl. ¶ 23, ECF No. 1-1.) These representations were allegedly false given David Van Hoose was "self-dealing, converting assets, and usurping corporate opportunities" of SpeakingEmpire, all of which Heitkoetter was allegedly aware of. (*Id.* at ¶¶ 25-29.) Although LCE argues that these statements misrepresented the state of SpeakingEmpire at the time LCE purchased Heitkoetter's ownership interests, this Court agrees with Heitkoetter that "a party cannot predicate fraud on predictions or projections relating to future performance; rather, . . . to be actionable, a misrepresentation must involve a matter of fact that relates to the past or present." *Lucarell v. Nationwide Mut. Ins. Co.*, 152 Ohio St.3d 453, 2018-Ohio-15, 97 N.E.3d 458 ¶ 63. A statement that an individual will continue in his role or that LCE would receive a return on investment cannot support a claim for fraud under Ohio law. But, even further, these statements do not factually support a breach of a duty owed by Heitkoetter to LCE that would exist by force of law independent from the formation of the contract. The breach of contract claim and fraud claim are factually intertwined such that the "alleged breach is of a duty that is created by a contract and is independent of any duty imposed by law" such that "the cause of action is one of contract, not tort." *Academic Imaging, LLC*, 352 F. App'x at 64 (internal quotation marks and citation omitted). Therefore, LCE's and SpeakingEmpire's claims of fraud against Heitkoetter are dismissed.

However, Heitkoetter's alleged statements regarding David Van Hoose do nudge LCE's claim of fraud by inducement over the line of possible into plausible territory. Although the elements for fraud and fraud in the inducement are the same under Ohio law, fraud in the inducement focuses on the facts inducing the execution of the contract, not the provisions of the contract itself. This, of course, means that a party may properly bring both a contract claim and a fraud in the

Page **13** of **18**

inducement claim "because the duty not to breach a contract is separate and independent from the duty not to deceive a party entering into an agreement or contract." *Kendell v. Shanklin*, No. 2:20-cv-985, 2020 U.S. Dist. LEXIS 162321, at *18 (S.D. Ohio Sept. 4, 2020) (internal quotations marks and citation omitted). Accordingly, by particularly setting forth that prior to executing the Agreement in September 2018, Heitkoetter made statements he knew were false about David Van Hoose and his activities with respect to SpeakingEmpire with the intent to induce LCE to enter into the Agreement and upon which LCE relied in entering into the Agreement, the complaint plausibly states a claim for relief for fraud in the inducement. (Compl. ¶¶ 23-29, ECF No. 1-1.) Of course, as set forth previously, SpeakingEmpire was not a party to the Agreement between Heitkoetter and LCE. Therefore, SpeakingEmpire's fraud in the inducement claim is dismissed. LCE's claim for fraud in the inducement, however, survives dismissal.

### D. Breach of Fiduciary Duty (Cause of Action IV)

Under Ohio law "[a] claim of breach of a fiduciary duty is basically a claim of negligence, albeit involving a higher standard of care." *Strock v. Pressnell*, 38 Ohio St.3d 207, 216, 527 N.E.2d 1235 (1988). Therefore, to establish a claim for breach of a fiduciary duty, the plaintiff must prove: "(1) the existence of a duty arising from a fiduciary relationship; (2) a failure to observe the duty; (3) an injury proximately resulting from that failure." *Torrance v. Rom*, 8th Dist. Cuyahoga No. 108818, 2020-Ohio-3971 ¶ 30 (citing *Strock*, 38 Ohio St.3d at 216). A fiduciary is "a person having a duty, created by his undertaking, to act primarily for the benefit of another in matters connected with his undertaking." *Strock*, 38 Ohio St.3d at 216 (internal quotation marks, emphasis, and citation omitted). A fiduciary relationship is one "in which special confidence and trust is reposed in the integrity and fidelity of another and there is a resulting position of superiority or influence, acquired by virtue of this special trust." *Ed Schory & Sons v. Francis*, 75 Ohio St.3d 433, 442, 662

N.E.2d 1074 (1996) (quoting *In re Termination of Employment of Pratt*, 40 Ohio St.2d 107, 115, 321 N.E.2d 603 (1974)).

With respect to LCE claiming breach of fiduciary duty owed by Heitkoetter to LCE, this is where the analysis ends. Neither the complaint nor the Agreement between Heitkoetter and LCE establish a fiduciary relationship between Heitkoetter and LCE. LCE has not alleged that LCE possessed a special confidence or trust in Heitkoetter such that Heitkoetter held a position of influence or superiority over LCE. From the scant materials this Court may consider in deciding this motion to dismiss, it appears the parties arrived to the contracting table on equal ground. LCE's claim fails as a "fiduciary relationship may be created out of an informal relationship, but this is done only when both parties understand that a special trust or confidence has been reposed." *Ed Schory & Sons*, 75 Ohio St.3d at 442 (quoting *Umbaugh Pole Bldg. Co. v. Scott*, 58 Ohio St.2d 282, 390 N.E.2d 320 (1979), paragraph one of the syllabus). Because LCE has not plausibly alleged Heitkoetter owed LCE a fiduciary duty, LCE's claim of breach of fiduciary duty against Heitkoetter is dismissed.

SpeakingEmpire's claim of breach of fiduciary duty against Heitkoetter, however, comes to a different result. Because, according to the complaint, SpeakingEmpire is a Florida limited liability company, this Court looks to Florida law to determine any fiduciary duties Heitkoetter owed SpeakingEmpire. The complaint alleges only that Heitkoetter "owned an interest" in SpeakingEmpire, therefore, this Court infers, to the benefit of SpeakingEmpire, that Heitkoetter was a member of the limited liability company. Florida's LLC Act codifies the fiduciary duties members of a limited liability company owe the limited liability company. FLA. STAT. § 605.04091. *See also* FLA. STAT. § 608.4225 (repealed Jun. 11, 2015). Pursuant to Florida's LLC Act, members of a member-managed limited liability company owe the "fiduciary duties of loyalty

and care to the limited liability company" where the duty of loyalty includes, among other things, refraining from improperly using the company's property, refraining from competing with the company before it is dissolved, and not appropriating company opportunities while the duty of care includes refraining "from engaging in grossly negligent or reckless conduct, willful or intentional misconduct, or a knowing violation of law." FLA. STAT. §§ 605.04091(1)-(3). In discharging these obligations and duties, members of the limited liability company must do so under the umbrella of the "obligation of good faith and fair dealing." FLA. STAT. § 605.04091(4).

In its claim for breach of fiduciary duty, SpeakingEmpire realleges the previous paragraphs of the complaint, claims that Heitkoetter owed SpeakingEmpire a fiduciary duty without specification, and further claims that Heitkoetter "breached the fiduciary duty to Plaintiffs as more fully set forth above." (Compl. ¶¶ 30-32, ECF No. 1-1.) The law is clear that allegations must be well-pled. This is not the same as requiring they be well-written. Looking within the four corners of the complaint, assuming the truthfulness of the allegations contained therein, and drawing all reasonable inferences in favor of SpeakingEmpire as this Court is required to do, it is plausible that Heitkoetter's alleged knowledge that David Van Hoose was usurping company opportunities, self-dealing, and converting assets is a breach of the fiduciary duty of care – i.e. knowledge of David Van Hoose's actions without response from Heitkoetter protecting SpeakingEmpire may be grossly negligent, reckless, willful or intentional misconduct in violation of Heitkoetter's fiduciary duty of care to SpeakingEmpire. Therefore, this Court finds that SpeakingEmpire's claim of breach of fiduciary duty against Heitkoetter survives dismissal.

### E. Civil Conspiracy (Cause of Action V)

Under Ohio law, a civil conspiracy claim is "'a malicious combination of two or more persons to injure another in person or property, in a way not competent for one alone, resulting in actual

damages.'" *Kenty v. Transamerica Premium Ins. Co.*, 72 Ohio St.3d 415, 419, 650 N.E.2d 863 (1995) (quoting *LeFort v. Century 21-Maitland Realty Co.*, 32 Ohio St.3d 121, 126, 512 N.E.2d 640 (1987)). "An underlying unlawful act is required before a civil conspiracy claim can succeed." *Williams v. Aetna Fin. Co.*, 83 Ohio St.3d 464, 475, 700 N.E.2d 859 (1998) (citing *Gosden v. Louis*, 116 Ohio App.3d 195, 219, 687 N.E.2d 481 (9th Dist.1996)).

The complaint alleges that Heitkoetter and Montis worked in concert to injure LCE and SpeakingEmpire while enriching themselves and shielding each other from future liability resulting in damages "in an amount to be determined at trial." (Compl. ¶¶ 34-42, ECF No. 1-1.) Furthermore, because this Court has determined that LCE has plausibly pled fraud in the inducement against Heitkoetter and SpeakingEmpire has plausibly pled breach of fiduciary duty against Heitkoetter, this satisfies the requirement that an underlying unlawful act, as to each plaintiff, has been plausibly pled. In construing all allegations in the complaint as true and making all reasonable inferences in favor of LCE and SpeakingEmpire, this Court finds that the complaint plausibly states claims for relief of civil conspiracy. Therefore, this Court finds that LCE's and SpeakingEmpire's claims for civil conspiracy survive dismissal.

**IV. CONCLUSION**

This Court has thoroughly analyzed the causes of action before it. The law is clear that at this stage in litigation, LCE and SpeakingEmpire are not required to prove their claims, but rather are required to provide well-pled factual allegations that lead this Court to find that they have stated plausible, not just possible, claims for relief. In assuming all allegations contained in the complaint are true, and in drawing all reasonable inferences in favor of the non-moving parties, LCE and SpeakingEmpire, for all of the reasons discussed in detail throughout this Memorandum of

Opinion and Order, Heitkoetter's Motion to Dismiss the Complaint is GRANTED IN PART and DENIED IN PART.

Specifically, Heitkoetter's requests that LCE's claims of breach of contract, fraud in the inducement, and civil conspiracy are DENIED. These claims survive dismissal. Heitkoetter's requests that LCE's claims of fraud, breach of fiduciary duty, and breach of duty of good faith and fair dealing are GRANTED. These claims are hereby dismissed. Heitkoetter's requests that SpeakingEmpire's claims of breach of contract, breach of fiduciary duty, and civil conspiracy are DENIED. These claims survive dismissal. Heitkoetter's requests that SpeakingEmpire's claims of fraud, fraud in the inducement, and breach of duty of good faith and fair dealing are GRANTED. These claims are hereby dismissed.

In other words, for clarity, LCE and SpeakingEmpire each plausibly pled Heitkoetter committed breach of contract and civil conspiracy; LCE plausibly pled Heitkoetter committed fraud in the inducement; and SpeakingEmpire plausibly pled Heitkoetter committed breach of fiduciary duty. All other claims are dismissed.

IT IS SO ORDERED.

DATE: December 29, 2020 /s/ John R. Adams
Judge John R. Adams
UNITED STATES DISTRICT COURT